**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**AT ABINGDON**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 1:08-CR-00024-001** |
| | ) | |
| **DERRICK EVANS** | ) | |


### MOTION TO WITHDRAW PLEA AND PLEA AGREEMENT

COMES NOW the Defendant, Derrick Lamont Evans, by and through counsel, and

requests this Honorable Court for leave to withdraw his  plea of guilty entered on August 13,

2008 pursuant to Fed. Rule Crim. Proc. 11(d)(2)(B).  This rule gives the court authority to allow

Mr. Evans to withdraw his plea prior to sentencing for the fair and just reasons stated herein.

Mr. Evans likewise requests leave to withdraw his plea agreement entered  on August 7, 2008,

for the same fair and just reasons, and pursuant to Fed. Rule Crim. Proc. 11(d)(2)(A), whether or

not the court allows him to withdraw his plea, as the plea agreement has not yet been accepted

by the court.   In addition, the Defendant requests to withdraw his plea and plea agreement on the

grounds that the plea and plea agreement were unknowing and involuntary, entered under duress

and with misrepresentation of the law as applied to the facts, in violation of his Fifth Amendment

right of Due Process and his Sixth Amendment right to effective assistance of counsel.  In

support of this motion, the Defendant would show the court as follows:

    I.    The government induced the plea and plea agreement by
          misrepresentation of the law, which misinformation Mr. Evans' counsel
          mistakenly accepted and relied upon in advising him to take the plea.

In entering his plea and plea agreement, Mr. Evans relied on misrepresentations of law

from the government and his own counsel.  The Plea Agreement required Mr. Evans to agree to

facts and law  relating to prior convictions that subjected him to a sentence of mandatory life

under 21 U.S.C. § 841 (b)(1) and career offender status under the sentencing guidelines.  Mr.

Evans stipulated that he had been convicted of a prior North Carolina felony drug offense on

May 10, 1993.  In exchange for entering his plea, the government agreed to dismiss from the

Information filed pursuant to 21 U.S.C. § 851 two other North Carolina convictions that the

government claimed qualified to subject him to a statutory  mandatory life sentence as well as

career offender status under the sentencing guidelines.   Mr. Evans and apparently Mr. Evan's

counsel accepted the government's Information and statement of the law as true and legally

sound.  Mr. Evan's counsel repeatedly informed him that he would be sentenced to a mandatory

life sentence if he did not enter the plea agreement offered by the government.  Neither the

government, Mr. Evan's counsel, nor the court during the plea colloquy, informed Mr. Evans

that the two North Carolina convictions listed in the Information that the government agreed to

dismiss from the Information did not qualify as  predicate enhancement convictions under the

North Carolina's Supreme Court's interpretation of that state's own statutes,  the precedent of at

least one circuit, and the clear precedent of the Supreme Court.  In support of this argument, the

Defendant directs the court to and incorporates herein his "Memorandum of Law: North

Carolina's Structured Sentencing Act" filed this same day.

The plea agreement offered to Mr. Evans to avoid this mandatory life sentence required

him to stipulate that the North Carolina convictions listed in the § 851 Information qualified for

enhancement under 21 U.S.C. § 841 and for enhancement as a career offender under the

Sentencing Guidelines.  (See Plea Agreement, page 4, paragraph 3; Plea Agreement, page 5,

paragraph 3,  also Transcript of Plea Hearing, page 7,  held on August 13, 2008).   Mr. Evans

was not informed by anyone that under the North Carolina Supreme Court's interpretation of the

state's sentencing statutes, United States Supreme Court precedent, or the precedent of other

circuits, at least two of the prior convictions did not qualify to enhance his sentence.   In

addiction, no one explained to Mr. Evans that the government's dismissal of the two North

Carolina convictions from the Information for purposes of enhancement under 21 U.S.C. § 841,

did not apply to the enhancement under the Sentencing Guidelines to which he stipulated, so that

the governments "dismissal" of the two convictions was illusory and would be used at

sentencing under the guidelines to bump his sentence right back up to the equivalent of or near

mandatory life.  [PSR , page 55, paragraph 354]

In entering the plea agreement and his plea, Mr. Evans believed and relied on misleading

and  false legal representations from the government and his own counsel threatening mandatory

life imprisonment. He was coerced into signing a plea agreement based on representations from

the government and his counsel that there was no question that if convicted he would receive a

mandatory life sentence based upon the North Carolina convictions alleged in the § 851

Information. The government's concession in the plea agreement to dismiss the two (non-

qualifying) North Carolina convictions is illusory at best.  Combined with the other provisions

requiring waiver of all appellate and collateral review, including ineffective assistance of counsel

and prosecutorial misconduct, the plea agreement is arguably unethical if not unconscionable.

The government was assured of Mr. Evan's conviction and at least a thirty-plus year sentence

based upon its misrepresentation that the prior convictions absolutely qualified under federal

law, and waivers that assured that there would be no right of appeal or review of any legal issues

that might arise concerning the prior North Carolina convictions.

The government's submission of this plea agreement containing false and misleading legal stipulations, illusory concessions to drop the two convictions that do not qualify anyway, and refusal to let Mr. Evans retain any appellate or collateral review rights for whatever reasons, including the right to challenge an unlawful sentence, ineffective assistance of counsel or prosecutorial misconduct, all three of which are indicated in this case, are fair and just reasons for allowing Mr. Evans to withdraw his plea and the plea agreement.

II.  <u>Mr. Evans plea and plea agreement were unknowing and involuntary, induced by threats of mandatory life imprisonment and misrepresentation of the law, in violation of his Fifth Amendment right of Due Process</u>.

"[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.  Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."  <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1968).  Furthermore, for waivers to be valid under the Due Process Clause, they must be "an intentional relinquishment or abandonment of a known right or privilege."  <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938).  Mr. Evans did not and does not in this motion, challenge the fact of the North Carolina convictions at issue, or that they were Class I felonies under North Carolina law.  What he was told, by everyone, was the law that the convictions absolutely qualified to assure that he would receive a mandatory life sentence.  What he was not told, by anyone, was that under the well-settled law of the United States Supreme Court, the Supreme Court of North Carolina's interpretation of its sentencing statutes, and at least one other Circuit, two of the prior convictions were not subject to a sentence of more than

12 months, and they would not qualify to enhance his federal sentence either to mandatory life or career offender status. If he had been informed and had understood this, he would never have entered the plea and plea agreement in which he stipulated that the convictions so qualified, and he certainly would not have waived all his constitutional rights to appeal or collateral review, including the rights to challenge an unlawful sentence, ineffective assistance of counsel, or prosecutorial misconduct.

WHEREFORE, Mr. Evans asks this Honorable Court to allow him to withdraw his plea and plea agreement, as it would be only fair and just to do so, for the reasons stated herein. He further asks the Court to find that the plea and plea agreement are void, as they were coerced and induced by misrepresentations of law, were entered without an understanding of the law as applied to the facts, and were unknowing and involuntary in violation of his right of Due Process.

RESPECTFULLY SUBMITTED,

BY:        s/ Sandra B. Jelovsek
           Sandra B. Jelovsek
           VSB No. 33878
           3520 Honeywood Drive
           Johnson City, TN 37604
           423-283-0450

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2009, a copy of the foregoing Motion was filed electronically. Notice of this filing with be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Sandra B. Jelovsek
Sandra B. Jelovsek